UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JT HOLDINGS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:17-CV-524-PLR-DCP |
| THOMAS F. SCHAFFLER, JR., | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 7] of the District Judge.

Now before the Court is Plaintiff's Motion for Default Judgment [Doc. 6], in which it moves the Court to enter a default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b). The Court has conducted a hearing, and the Court finds that this matter is now ripe for adjudication.

For the reasons more fully explained below, the Court **RECOMMENDS** that the Motion for Default Judgment [**Doc. 6**] be **GRANTED.** The Court **RECOMMENDS** that a default judgment in the amount of $414,235.92, be entered in Plaintiff's favor and that Plaintiff be awarded $6,278.00, representing attorney's fees and costs incurred in litigating this case. Accordingly, the Court **RECOMMENDS** that a total amount of $420,513.92, plus interest, be awarded to Plaintiff.

### I.     BACKGROUND

The following allegations are taken from the Complaint. Defendant Schaffler executed a Variable Interest Rate Note ("Note") in Tennessee with payments due to Plaintiff at the following

address: 6001 Walden Drive, Suite 2, Knoxville, Tennessee. [Doc. 1 at ¶ 3].[1] The Note was executed on July 1, 2016, and contained a principal amount ("Principle") of $350,000.00. [*Id*. at ¶ 5]. It required Defendant to make quarterly interest payments beginning on April 1, 2017. [*Id*.]. The Note also required a final maturity payment payable by Defendant to Plaintiff on the earlier of June 30, 2021, or the date of acceleration. [*Id*. at ¶ 6]. The Note also contained an initial interest rate of seven and one-quarter percent (7.25%) with the ongoing variable rate indexed to the Wall Street Journal Prime Rate. [*Id*. at ¶ 7].

Defendant failed to make the required quarterly interest payments, which were due on April 1, 2017; July 1, 2017; and October 1, 2017. [*Id*. at ¶ 8]. Defendant's failure to pay the quarterly interest payments constitutes an "Event of Default" under the Note. [*Id*.]. Defendant's default allows Plaintiff to accelerate the entire balance due, plus interest, pursuant to the paragraph in the Note entitled, "ACCELERATION AND INTEREST RATE ADJUSTMENT." [*Id*. at ¶ 9]. The Note also provides that Plaintiff is entitled to recover its attorney's fees and expenses associated with collecting the outstanding balance due. [*Id*. at ¶ 10].

The Complaint was filed on December 5, 2017, and states that Defendant remains in default and in breach of the Note and that the entire balance, plus interest and attorney's fees, is due and owing to Plaintiff. [*Id*. at ¶ 11].

## II. PROCEDURAL POSTURE

The Complaint in this matter was served [Doc. 3] on Defendant on December 14, 2017. Defendant did not respond to the Complaint within the time allowed by the Federal Rules of Civil Procedure. On February 8, 2018, the Clerk entered an Entry of Default [Doc. 5] on Defendant.

On February 12, 2018, Plaintiff filed the instant Motion. On April 6, 2018, the Court entered an Order [Doc. 8] requiring Defendant to appear before the Court on June 6, 2018, to show

---

[1] Plaintiff attached the Note to the Complaint as an exhibit. [Doc. 1-1].

cause as to why a default judgment should not be entered against him. A copy of the Order was mailed to Defendant at the address provided in the Complaint.

On June 6, 2018, the Court held a show cause hearing. Attorney William Carver appeared on behalf of Plaintiff. Defendant was not present. During the hearing, Attorney Carver stated that the amount due pursuant to the terms of the Note is $414,235.92. Attorney Carver explained that the Note incurred interest at the rate of $79.11 per day. In addition, Attorney Carver requested $6,278.00 in attorney's fees and other expenses. The Court instructed Attorney Carver to submit an affidavit explaining the specific amount of attorney's fees and expenses, so the Court could assess whether the attorney's fees are reasonable.

After the hearing, on June 6, 2018, Attorney Carver filed an Affidavit [Doc. 9], explaining that he and Attorney Robert Bowman worked on this case. The Affidavit further explains that Attorney Carver billed at $240.00 per hour and that Attorney Bowman billed at $250.00 per hour. [Doc. 9 at ¶ 3]. The Affidavit states that the total attorney's fees and expenses equal $6,278.00, which includes $175.00 for service of process charges; $400.00 in filing fees; and $520.50 for performance of an asset search.

### III. ANALYSIS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the entry of default, a party may apply for default judgment, and the Court may conduct a hearing – if needed, to perform an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter – prior to entering default judgment. Fed. R. Civ. P. 55(b). "Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013)

3

(citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief")).

In the present matter, there is no dispute that the Clerk has entered a default in accordance with Rule 55 [Doc. 5], and that Plaintiff has moved [Doc. 6] for entry of default judgment. Taking as true the allegations in the Complaint [Doc. 1], the Court **INCORPORATES BY REFERENCE** the allegations as set forth by Plaintiff. The Court accepts all such allegations, and specifically, the Court **FINDS**, based upon entry of default, that Defendant is responsible for the entire balance due under the Note, plus attorney's fees, expenses, and interest. The Court **RECOMMENDS** that a default judgment in the amount of $414,235.92, which represents the principal and interest on the date of the hearing, and $6,278.00, which represents attorney's fees and expenses, be entered in Plaintiff's favor. Accordingly, the Court **RECOMMENDS** a judgment in the total amount of $420,513.92, plus interest, be awarded to Plaintiff.

## IV. CONCLUSION

Based upon these findings and taking all well-pleaded allegations in the Complaint as true, the undersigned **RECOMMENDS**[2] as follows:

1. The Motion for Entry of Default Judgment [**Doc. 6**] be **GRANTED**;

2. Defendant be **ADJUDGED** responsible for the obligations due and owing under the Note; and

3. That judgment in the total amount of $420,513.92, plus interest, be awarded to Plaintiff.

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

The Clerk of Court is **DIRECTED** to send Defendant a copy of this Report and Recommendation at the address provided in the Complaint and at the address provided in [Doc. 11].

        Respectfully submitted,

        Debra C. Poplin
        United States Magistrate Judge